## In re VOORHIS' WILL.

(*Supreme Court, General Term, First Department.* March 14, 1890.)

WILLS—CAPACITY TO MAKE.

An instrument subscribed as a will, understood by testatrix, and made according to her directions, is entitled to probate, though testatrix was of very moderate mental capacity, and so far limited in her mental acquirements as to have but little ability for counting, and none for writing with ease or facility.

Motion for reargument. For former reports, see 5 N. Y. Supp. 948, *mem.;* 7 N. Y. Supp. 596.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Whitehead & Lyon,* for petitioner.　*Edward T. Bartlett,* for executor, etc. *Charles Edward Tracy,* for American Bible Society and another.

DANIELS, J. The petitioner is entirely mistaken in the supposition that the facts were either overlooked, or not considered, relating to the accumulation of money owned by the testatrix, and found in her tin box after her decease. Those facts, together with her illiterate condition, as well as all others disclosed by the evidence, were carefully weighed in reaching the conclusion that the instrument in controversy was the valid will of the testatrix. These particular circumstances, and the effect which might otherwise very well have been given to them, were fully answered by the facts that the will was drawn pursuant to the instructions of the testatrix, and was considered and corrected by her afterwards, and then engrossed according to her corrections, and signed by her, as the law required that to be done, to make a valid will, and was also published, declared, and witnessed as the statute required that it should be, before it could be sustained as her will. These facts were so clearly proved by the evidence given before the surrogate as to leave no substantial room for doubt as to their existence. And where it appeared, as it did from the evidence, that the instrument subscribed as her will was understood by the testatrix, and had been made according to her directions, and was subscribed and declared by her, it was entitled to be admitted to probate, although she was a person of very moderate mental capacity, and was so far limited in her mental acquirements, as to have but little ability for counting, and none for writing with ease or facility. With the mental capacity indicated by her in the preparation and execution of this instrument, and the attention devoted to her personal affairs, the presumption was both reasonable and natural that she was aware of the fact that she possessed this money, and of the depository in which it had been placed. The capacity which the evidence indicated her to have possessed, and her knowledge of the contents of the instrument, presented a very decided probability that she fully understood what she did, and that the instrument, as it was made, conformed to her intention for the disposition of her property. In this situation of the case, a further argument or consideration of it would be of no service to the appellant; for the controlling evidence is that relating to her understanding of the contents of the instrument. The fact that it was framed under her instruc-

tions, and made to conform to her intention, and was actually subscribed by her, and declared to be her will, must necessarily overcome all conjectures or doubts arising out of other evidence which was quite uncertain in its character, and failed to overthrow the presumption arising from the facts already mentioned. The motion for a reargument should therefore be denied, with costs. All concur.